IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MODESTO MARTINEZ-DELACRUZ,   Civil No. 07-680-AA
                             OPINION AND ORDER
          Plaintiff,

    vs.

STUART OLSON FARMS, INC.,

          Defendant.
_____

Sarah S.E. Lora
Legal Aid Services of Oregon
397 N. First Street
Woodburn, Oregon 97071

Mark J. Wilk
Oregon Law Center
230 W. Hayes Street
Woodburn, Oregon 97071
     Attorneys for plaintiff

Timothy J. Bernasek
Attorney At Law
1000 SW Broadway, Suite 1900
Portland, Oregon 97205

Kirk S. Peterson
Bullard Smith Jernstedt Wilson
1000 SW Broadway, Suite 1900
Portland, Oregon 97205
     Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Defendant moves to dismiss three of plaintiff's claims and for attorney fees. Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, Modesto Martinez-Delacruz, filed ten claims for relief against defendant, Stuart Olson Farms, Inc. Plaintiff alleges generally that beginning in 1986, he was a seasonal agricultural worker who worked for defendant on its farm in Marion County, Oregon. On November 30, 2004, defendant laid off plaintiff due to lack of work. On December 26, 2004, plaintiff applied for unemployment insurance benefits with the Oregon Employment Department ("OED"). OED accepted plaintiff's application for benefits, and plaintiff began receiving those benefits on January 2, 2005.

Plaintiff alleges that sometime after January 2, 2005, defendant falsely alleged to the OED that plaintiff voluntarily quit his employment to return to Mexico. OED relied on defendant's representation and on March 29, 2005, reversed its initial decision and denied plaintiff benefits. Plaintiff alleges that as a result of defendant's false statement to OED, he suffered economic and non-economic damages.

Plaintiff brings ten claims for relief: statutory tort, intentional interference with economic relations, negligence,

wrongful discharge, promissory estoppel, failure to pay Oregon minimum wage, failure to timely pay wages upon termination of employment, failure to furnish complete and accurate wage statements, failure to pay wages when due, and breach of the working arrangement pursuant to Or. Rev. Stat. 29 U.S.C. § 1832(c).

STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

DISCUSSION

Defendant moves to dismiss plaintiff's first three claims for relief: (1) statutory tort; (2) intentional interference with economic relations (IIER); and (3) negligence. Defendant argues that all three claims are predicated on plaintiff's assertion that defendant falsely represented to the OED that plaintiff had voluntarily quit his job to go to Mexico. Complaint, ¶¶ 5-8. The defendant argues he is entitled to dismissal of those claims

because: (1) the alleged communication was absolutely privileged; (2) Or. Rev. Stat. § 657.665(1) provides that information provided by an employer to the OED is confidential and cannot be used in any court action; and (3) such claims are not cognizable under state law.

(1) <u>Privilege</u>

Oregon recognizes two forms of privilege: absolute and qualified. <u>DeLong v. Yu Enterprises, Inc.</u> 334 Or. 166, 47 P.3d 8 (2002). The defense of qualified privilege can be overcome if the alleged defamatory statements were made in bad faith or with malice. <u>Id.</u> Absolute privilege, on the other hand, is a complete bar to a claim of defamation and precludes liability regardless of defendant's state of mind. <u>Wallulis v. Dymowski</u>, 323 Or. 337, 347-48, 918 P.2d 755 (1996). It is notable that historically, Oregon has recognized absolute privilege for defamatory statements in relatively few situations. <u>DeLong</u>, 334 Or. at 170. The Oregon Supreme Court describes absolute privilege as arising only in governmental settings:

> The class of absolutely privileged communications is narrow and is practically limited to legislative and judicial proceedings and other acts of state, including it is said, communications made in the discharge of a duty under express authority of law, by or to heads of executive departments of the state, and matters involving military affairs. The privilege is not intended so much for the protection of those engaged in the public service and in the enactment and administration of law, as for the promotion of the public welfare[.]

Grubb v. Johnson et al., 205 Or. 624, 631-32, 289 P.2d 1067 (1955)(internal quotation omitted). The privilege exists for those "certain realities of life in which it is so important that the persons engaged in them should be able to speak freely . . . in order that their duties may be carried on freely and without fear of any action being brought against them." Ramstead v. Morgan, 219 Or. 383, 387, 347 P.2d 594 (1959).

In order for the privilege to apply, the statement must be made in the course of, or sufficiently incidental to, a judicial or quasi-judicial proceeding. See Johnson v. Brown, 193 Or. App. 375, 382, 95 P.3d 235 (2004)(statements made to county investigators were absolutely privileged where the quasi-judicial action was a subsequent grievance hearing). See also, Brown v. Adult and Family Services, 293 Or. 6, 13-14, 643 P.2d 1266 (1982)("In unemployment compensation disputes, the Employment Division, through its assistant directors and their authorized representatives, has a role which is both that of being a party and adjudicator."). I find that defendant's statement was sufficiently incidental to a quasi-judicial proceeding.

Nevertheless, plaintiff contends that defendant is not entitled to absolute privilege for its statement, and even if defendant is entitled to a privilege, it is a qualified privilege which can be overcome by a showing of malice.

The parties raise an issue of first impression in Oregon,

that is whether a private employer's statement to an administrative body, the OED, is entitled to privilege. I look to the Oregon Supreme Court's decision in Moore v. West Lawn Mem'l Park, 266 Or. 244, 249, 512 P.2d 1344 (1973) for guidance. There plaintiff had a license as an embalmer and was applying for a license as a funeral director. Defendant wrote an unsolicited letter to the State Board of Funeral Directors and Embalmers containing allegedly libelous statements about plaintiff. Plaintiff asserted that the statements were false and were made maliciously. The court found defendant's statements absolutely privileged. In finding defendant's statements privileged, the Moore court relied on the Oregon Supreme Court's decision in Ramstead. In Ramstead, the Court reasoned that the relation of citizens to judicial proceedings is so important that "absolute immunity attaches to statements made in the course of, or incident to a judicial proceeding." 219 Or. at 388. Ramstead further held that this includes quasi-judicial proceedings before administrative bodies, noting that "the privilege is made applicable to proceedings before administrative bodies having the power to grant and revoke licenses." 219 Or. at 389. I find it reasonable to assume that Oregon courts would extend the privilege to proceedings before administrative bodies with the power to confer public benefits.

I further rely on Moore's finding that, "we cannot conclude

that the practice of law is so much more important than the practice of funeral directors that communications to the licensing body for lawyers is absolutely privileged, whereas communications to the licensing body for funeral directors is not." Id. at 249-50. Again, a reasonable extension of that logic, is that communications to the administrative body responsible for conferring public benefits on a worker via unemployment compensation are no less important than communications to a lawyer or the state licensing agency for funeral directors and should therefore be similarly privileged.

For further clarification, I looked to the Oregon Supreme Court's decision in Brown. There the court held that a county employee's allegedly defamatory statements about the supervisor of the county program he worked for were absolutely privileged. 193 Or. App. at 383. The employee made the statements during the county's investigation of the supervisor for work-related misconduct. Id. at 377. The court noted that,

> The defense of absolute privilege is most commonly available when the defamatory statements have some relation to a governmental function. Public policy considerations dictate that participants in the governmental process be encouraged to speak candidly, uninhibited by the fear of possible civil liability for defamation. The absolute privilege thus extends to public officials at all levels of government with respect to statements made in the performance of their official duties, <u>and in more limited circumstances to private citizens who participate in the governmental process</u>.

Id. at 383 (emphasis added, internal quotation omitted). That is

Page 7 - OPINION AND ORDER

similar to the situation at bar where a private entity "participates in the governmental process" by supplying necessary information to an administrative body. In those circumstances, the information is privileged.

Further, Oregon courts have held that "in order for the privilege to apply, the defamatory matter must have some reference to the subject matter of the pending litigation. In other words, it must be 'pertinent and relevant to the issues, although it may be false and malicious.'" Wollam v. Brandt, 154 Or. App. 156, 162-63, 961 P.2d 219 (1998)(internal quotation omitted). "In determining whether the argument was pertinent or relevant to the issues, courts are liberal and the privilege . . . embraces anything that may possibly be pertinent. All doubts should be resolved in favor of its relevancy and pertinency." Id. at 163 (internal quotation omitted). Moreover, Oregon courts have held that although the privilege question arises most often in defamation cases, "this court has held that it applies to the 'publication of any matter that is an invasion of privacy.'" Franson v. Radich, 84 Or. App. 715, 719, 735 P.2d 632 (1987)(internal quotation omitted). Here, I find that defendant's statement was "pertinent and relevant to the issues."

Finally, Moore noted that "courts have extended the privilege to unsworn, out-of-court statements because encouraging the sending of information to a licensing body is in the public

interest." 266 Or. at 251. Similarly, I find that defendant's unsworn, out-of-court statement to an administrative body, the OED, is entitled to absolute privilege because "encouraging the sending of information to an [administrative body] is in the public interest." Id.

In conclusion, I find defendant's statement entitled to absolute privilege as a matter of law, and therefore plaintiff's first three claims for relief are barred.

(2) Information is Confidential

Defendant next asserts that plaintiff's claims are barred by Or. Rev. Stat. § 657.665. I agree. That statute states that information "secured from employing units, employees, or other individuals" shall be "confidential and for the exclusive use and information of the [OED] in the discharge of duties and shall not be open to the public." Or. Rev. Stat. § 657.665(1)(a). Moreover, Or. Rev. Stat. § 657.665(1)(b) provides that such information "shall not be used in any court in any action or proceeding pending therein unless the director or the state is a party to such action or proceedings or the proceedings concern the establishment or modification of a support obligation and support services are being provided by the Division of Child Support[.]"

I find no authority, nor does plaintiff provide any, that excepts the communication at issue from the confidential

prohibition of this statute.

(3) Claims not Cognizable

Defendant also asserts that plaintiff's first three claims are not cognizable under state law. I agree at least as to plaintiff's statutory claim and negligence per se claim. First, I find no expressed private cause of action for damage for an alleged violation of Or. Rev. Stat. § 657.300. Notably, plaintiff does not disagree. Where, as here, the legislature has failed to expressly create a private cause of action and instead provided that a violation of the statute is a misdemeanor, Oregon courts have refused to infer an implied cause of action. Dunlap v. Dickson, 307 Or. 175, 179-80, 765 P.2d 203 (1988). Therefore, this court declines plaintiff's invitation to find an implied cause of action for the alleged violation of Or. Rev. Stat. § 657.300.

Similarly, I find no authority for plaintiff's negligence per se claim. The court in McApline v. Multnomah Co., 131 Or. App. 136, 883 P.2d 689 (1994), held that the elements for negligence per se (a negligent violation of Or. Rev. Stat. 657.300), is the same as the elements necessary for statutory liability. Therefore, for the reasons stated above, I find no support for plaintiff's negligence per se claim. Moreover, I note that Or. Rev. Stat. § 657.300 is violated only where the employer "intentionally and willfully" makes a false statement of

Page 10 - OPINION AND ORDER

material fact regarding a claim for unemployment benefits. Therefore, a negligent violation of the criminal statue with an "intentional and willful" criminal capability standard cannot be actionable as negligence per se.

(4) <u>Attorney Fees</u>

Finally, defendant's motion for attorney fees is denied. I find that defendant is not entitled to fees under either 28 U.S.C. § 1927 or Or. Rev. Stat. § 20.105, because plaintiff neither acted in bad faith nor brought frivolous claims. <u>See International Union of Petroleum & Industrial Works v. Western Industrial Maintenance, Inc.</u>, 707 F.2d 425, 430 (9th Cir. 1983)(the standard for frivolity is whether "the result is obvious or the arguments of error advanced are wholly without merit"). Plaintiff has not met this standard.

## CONCLUSION

Defendant's motion to dismiss and for attorney fees (doc. 5) is granted in part and denied in part. Defendant's motion to dismiss is granted and plaintiff's claims one, two and three are dismissed. Defendant's motion is denied, however, as to attorney fees. Finally, defendant's request for oral argument is denied an unnecessary.

IT IS SO ORDERED.

Dated this 16 day of October 2007.

_____
Ann Aiken
United States District Judge